UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEIGH ADAMS SLAUGHTER,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>ALPHA DRUGS, LLC, *et al.*,<br><br>Defendants/Counterclaimants. | Civil Action No. 11-2181 (CKK) |

MEMORANDUM OPINION
(November 30, 2012)

Presently before the Court is Plaintiff/Counterclaim Defendant Leigh Adam Slaughter's [33] Motion to Dismiss Defendant Alpha Drugs, LLC's Counterclaim. Slaughter filed suit against her former employer Defendant Alpha Drugs, LLC ("Alpha Drugs") and Defendant Panagiotis Metaxotos, the President and owner of Alpha Drugs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et.seq.*, and various state laws on the basis of the Defendants' purported failure to pay Slaughter for her services between August 1, 2011 and October 18, 2011. Compl., ECF No. [1], ¶¶ 5-7. In their Amended Answer, the Defendants asserted two counterclaims against Slaughter: (1) breach of contract regarding unpaid loans purportedly made by Defendant Metaxotos to Slaughter; and (2) fraud based on Slaughter's alleged misrepresentations regarding her qualifications as an attorney. Am. Answer, ECF No. [27], ¶¶ 4-16. Slaughter subsequently moved to dismiss the counterclaim as to Alpha Drugs on the grounds the Court lacks subject matter jurisdiction over the counterclaim. Pl.'s Mot., ECF No. [33], at 1.[1] Upon consideration of the pleadings and the record as a whole, Plaintiff's [33]

---

[1] The Plaintiff has not moved to dismiss Defendant Metaxotos' counterclaim for breach

Motion to Dismiss Defendant Alpha Drugs, LLC's Counterclaim is GRANTED.

## I.  BACKGROUND

Plaintiff alleges the Defendants employed her between April 21, 2008 and October 18, 2011, to serve a variety of roles, including supervising HIV/AIDS support groups, interfacing with pharmaceutical company representatives, and "marketing Alpha [Drugs] to State and Local officials."  Compl. ¶¶ 5-6.  Plaintiff claims that although she had a salary of approximately $202,000 and was usually paid semi-monthly, she received no salary between August 1, 2011, and October 18, 2011, in violation of federal and local wage and labor laws.  *Id.* at ¶¶ 7-21.

In its counterclaim, Defendant Alpha Drugs alleges that the Plaintiff fraudulently misrepresented her qualifications when she was hired as general counsel for the company.  Am. Answer ¶ 11.  Specifically, Alpha Drugs claims that the Plaintiff represented that she previously worked as an attorney for the United States Department of Justice and received a salary in excess of $180,000 (including "benchmark bonuses").  *Id.* at ¶¶ 11-12.  Alpha Drugs further alleges that the Plaintiff indicated she "would be general counsel for Alpha Drugs and outside counsel would not be retained for work within the ordinary course of business."  *Id.* at ¶ 13.  Relying on these statements, Alpha Drugs hired the Plaintiff and paid her a salary in excess of $200,000.  *Id.* at ¶ 13.  Alpha Drugs contend that the Plaintiff in fact never worked for the Department of Justice and often hired outside counsel to perform legal work "that was within her scope of duties to be performed" for Alpha Drugs, thus causing injury to the company .  *Id.* at ¶ 14.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and can adjudicate only those cases entrusted to them by the Constitution or an Act of Congress.  *Kokkonen v. Guardian Life Ins. Co.*

---

of contract.  *See* Am. Answer at 4-5.

*of Am.*, 511 U.S. 375, 377 (1994).  The Court begins with the presumption that it does not have subject matter jurisdiction over a case.  *Id.* at 37.  In order to survive a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction.  *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007).  "At the motion to dismiss stage, counseled complaints, as well as pro se complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact."  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).  "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1)," the factual allegations in the complaint "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim."  *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations omitted).

### III.  DISCUSSION

For the most part, the parties' pleadings are but two ships passing in the night.  The Plaintiff's motion focuses on the Court's subject matter jurisdiction---or the lack thereof---under 28 U.S.C. § 1367.  Alpha Drugs' opposition omits any reference to Section 1367, focusing instead on the definition of "compulsory counterclaims" under Federal Rule of Civil Procedure 13(a).  Alpha Drugs does not contend that any other basis exists for exercising subject matter jurisdiction over the counterclaim, thus the Court's analysis begins with Section 1367.

Section 1367(a) of Title 28 of the United States Code provides that district courts "have supplemental jurisdiction over all [] claims that are so related to the claim in the action . . . that they form part of the same case or controversy under Article III."  The Plaintiff asserts without citation to authority that "[i]n order for this Court to confer supplemental jurisdiction over

[Alpha Drugs'] Counterclaim, [Alpha Drugs'] Counterclaim must be found to be compulsory." Pl.'s Mot. at 33. The parties then proceed to analyze Alpha Drugs' counterclaim under the framework of compulsory versus permissive counterclaims as set forth in Rule 13(a)-(b). Neither party even acknowledges that Section 1367 and Rule 13 employ different standards: Section 1367 concerns claims that are "part of the same case or controversy," while compulsory counterclaims are defined by Rule 13(a) as claims arising out of the same "transaction or occurrence."

The Plaintiff's assertion that a counterclaim must be compulsory in order to fall within the scope of Section 1367(a) relies on an outdated understanding of subject matter jurisdiction that was overridden by the enactment of Section 1367 in 1990. Since its enactment, at least three separate Courts of Appeals have held that Section 1367 confers district courts with jurisdiction over both compulsory and at least some permissive counterclaims. *Global NAPs, Inc. v. Verizon New England, Inc.*, 603 F.3d 71, 76 (1st Cir. 2010); *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 210-14 (2d Cir. 2004); *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 384-87 (7th Cir. 1996). In other words, determining whether or not Alpha Drugs' counterclaim is "compulsory" for purposes of Rule 13(a) may be relevant to, but is not determinative of the Court's subject matter jurisdiction over the counterclaim.

Ultimately, the Court need not resolve the question of whether or not the counterclaim is part of the same case or controversy as the Plaintiff's claim for purposes of Section 1367(a). A Court may decline to exercise supplemental jurisdiction over a claim that otherwise satisfies the standard in Section 1367(a) if: (1) "the claim raises a novel or complex issue of State law," (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction," (3) "the district court has dismissed all claims over which it has original

jurisdiction," or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). As the Supreme Court explained:

> Depending on a host of factors []—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims. The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.

*City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (citation omitted).

Several factors weigh in favor of declining to exercise jurisdiction over Alpha Drugs' counterclaim under Section 1367(c)(4). First, "[g]enerally speaking, courts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010). The Court need not reach the Plaintiff's claim that Alpha Drugs' counterclaim is retaliatory, but the Court is cognizant of the fact adjudicating counterclaims filed by an employer in the same context as a suit seeking unpaid wages may be inconsistent with the purpose of the FLSA---"to assure to the employees of a covered company a minimum level of wages." *Id.* at 741 (citation omitted). Second, although there is likely some overlap in the factual basis for the Plaintiff's claim and the counterclaim, the focus of the relevant inquiry for each is different. The relevant question for Plaintiff's claim is whether she received the wages due for any work performed between August 1, 2011 and October 18, 2011. By contrast, the issue at the heart of Alpha Drugs' counterclaim is whether the Plaintiff possessed the qualification she claimed at the time she was hired. The resources conserved by conducting discovery, motions practice, a trial for these claims in the same proceeding are minimal at best. The Court finds that the intention of the FLSA and comity

between local and federal courts in this jurisdiction would be best served by Alpha Drugs pursuing its state law counterclaim in state court. In light of these exceptional circumstances, the Court declines to exercise jurisdiction over Alpha Drugs' counterclaim.

## IV.  CONCLUSION

For the reasons stated above, the Court finds Alpha Drugs' counterclaim for common law fraud should be dismissed without prejudice. The only basis for the Court's jurisdiction over the counterclaim presented by the parties is 28 U.S.C. § 1367. The Court need not resolve the question of whether or not the counterclaim forms part of the same "case or controversy" as the Plaintiff's claim for purposes of Section 1367(a) because, assuming the counterclaim falls within the scope of Section 1367(a), in light of the exceptional circumstances of this case, the Court declines to exercise supplemental jurisdiction over the counterclaim. Accordingly, the Plaintiff's [33] Motion to Dismiss Defendant Alpha Drugs, LLC's Counterclaim is GRANTED. Defendant Alpha Drugs' counterclaim is DISMISSED WITHOUT PREJUDICE. An appropriate Order accompanies this Memorandum Opinion.

                         _/s/_
                         **COLLEEN KOLLAR-KOTELLY**
                         UNITED STATES DISTRICT JUDGE