UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEIGH ADAMS SLAUGHTER,

    Plaintiff/Counterclaim Defendant,

    v.

ALPHA DRUGS, LLC, *et al.*,

    Defendants/Counterclaimants.

Civil Action No. 11-2181 (CKK)

MEMORANDUM OPINION
(November 13, 2013)

    Presently before the Court is the Plaintiff's [52] Renewed Motion for Entry of Judgment by Default against Defendant Alpha Drugs, LLC. Defendant Alpha Drugs appeared in this action and filed an Answer to the Complaint. Answer, ECF No. [30]. Four months into discovery, counsel for Alpha Drugs moved to withdraw. After a hearing, the Court granted counsel's motion, and notified the Defendant Panagiotis Metaxotos that he needed to secure counsel to represent Alpha Drugs' interests in this case. 12/2/12 Order, ECF No. [43]. Several months passed, but new counsel did not enter an appearance on behalf of Defendant Alpha Drugs. The Court thus ordered the Plaintiff to seek a default as to Defendant Alpha Drugs. 2/27/13 Order, ECF No. [49]. On March 8, 2013, the Plaintiff filed a [50] Motion for Entry of Judgment by Default Against Alpha Drugs, LLC. The Plaintiff sought in damages a specific sum of wages not paid by the Defendant, as well as payment for accrued, but unused, paid vacation days and liquidated damages under D.C. Code § 32-1303(4). The Court found the Plaintiff's Motion deficient because (1) it did not identify the legal framework governing the Plaintiff's request for relief; and (2) the Plaintiff provided inadequate proof of damages. 5/13/13

Order, ECF No. [51]. Consequently, the Plaintiff's Motion was denied without prejudice.

In the Plaintiff's Renewed Motion, the Plaintiff provides sufficient evidence of unpaid wages, however, her Motion remains deficient as to the damages she seeks for accrued, but unused, vacation days and liquidated damages. The Plaintiff seeks in damages an amount equivalent to thirty-seven (37) paid vacation days, which she asserts she had accrued, but not used by the time she left the Defendant's employ. Although the Plaintiff provides an excerpt of the Defendant's employee handbook indicating the rate at which paid vacation days are accrued, the Plaintiff provides no documentation supporting her assertion that she had accrued, but not yet used, thirty-seven days of paid vacation or otherwise indicating how she calculated that total. To the extent that such documentary evidence does not exist or is unavailable, the Plaintiff does not indicate as much in her Renewed Motion or supporting exhibits.

Furthermore, the Plaintiff fails to provide any documentation supporting her claim of entitlement to liquidated damages under D.C. Code § 32-1303(4). To be entitled to damages under § 32-1303, the Plaintiff must provide evidence indicating (1) that she is an employee as defined in § 32-1301 of the D.C. Code; (2) the manner in which her employment with the Defendant concluded (e.g. discharge, resignation, etc.); and (3) whether she had a written contract of employment and for what period. *See* D.C. Code § 32-1303(1)–(3). To the extent documentary evidence as to these factors does not exist or is unavailable, the Plaintiff must indicate as much so that the Court can decide whether an evidentiary hearing is necessary or useful.

Accordingly, the Court GRANTS the Plaintiff's [52] Motion for Entry of Judgment by Default against Defendant Alpha Drugs, LLC as to the Plaintiff's claim for damages totaling $41,667 in wages not paid by the Defendant. The Court, however, DENIES WITHOUT

PREJUDICE Plaintiff's Motion for Entry of Judgment by Default as to the Plaintiff's claim for accrued, but unused, vacation days and for liquidated damages pursuant to D.C. Code § 32-1303(4).

An appropriate Order accompanies this Memorandum Opinion.

_/s/_
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE